**Solebury Township Supervisors v. Department of Environmental Resources**

*Stephen B. Harris,* for appellant.
*Kenneth A. Gelburd,* for Commonwealth.
*John A. VanLuvanee,* for intervenor.

WATERS, *Chairman,* April 30, 1981—This matter comes before the board as an appeal from an order issued by DER pursuant to the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, as amended, 35 P.S. § 750.1 et seq., and regulation 25 Pa. Code § 71.17 granting a private request by Paul C. Bently et al., intervenors, to require appellant Solebury Township to amend its township sewage plan. Although a preliminary plan for the intervenor's development had been approved by the township, the final subdivision plan was rejected. That decision is presently on appeal to the common pleas court. It is the fact that the subdivision plan was not approved that serves as the basis for the township's appeal from DER's previously mentioned order.

## FINDINGS OF FACT

1.  Appellant is Solebury Township, a township of

the second class, located in Bucks County, with offices on Sugan Road, Solebury, Pa.

2. The appellee is the DER, the agency of the Commonwealth authorized to administer the provisions of the Pennsylvania Sewage Facilities Act of January 24, 1966, P.L. (1965) 1535, sec. 1 et seq., as amended, 35 P.S. § 750.1, et seq.

3. The intervenors, owners of the tract on which the Highland Woods subdivision was proposed, were permitted to intervene in the township's appeal.

4. On May 21, 1975 the Board of Supervisors of Solebury Township passed a resolution adopting the "Official Sewage Facilities Plan Revision Study," dated April, 1975, as the Official Sewage Facilities Plan for the township.

5. On January 28, 1976 the Department of Environmental Resources approved the plan as the Official Sewage Facilities Plan for the township.

6. On October 4, 1978 the Board of Supervisors of appellant, by resolution, approved the preliminary subdivision plan submitted by the intervenors for a development to be known as Highland Woods, consisting of 61 lots on which single family residences were to be constructed. The aforementioned resolution provides in pertinent part:

"RESOLVED, that the Preliminary Plan of Highland Woods, being Plan A-240, be approved as being in accordance with the Solebury Township Zoning Subdivision Ordinance aproval, however, is conditioned in that Solebury Township reserves the right to question the proposed sewage disposal and, further, reserves the right not be amend its Official Sewage Facilities Plan as provided under the Pennsylvania Sewerage (sic) Facilities Act, known as Act 537."

7. On November 29, 1979 Highland Woods petitioned the DER pursuant to 25 Pa. Code § 71.17 and the Sewage Facilities Act to order the township to revise its Sewage Facilities Plan to provide for Highland Woods Development. The proposed method of sewage disposal was a community subsurface disposal system.

8. On or about April 11, 1980 the developers submitted final subdivision plans for the Highland Woods Subdivision to the Township of Solebury.

9. On September 2, 1980 the Board of Supervisors of the Township of Solebury adopted a resolution rejecting the final plans of Highland Woods. Said resolution lists 27 failures of the plan to comply with the township Subdivision and Land Development Ordinance. Six of the reasons for denying the final plan were sewage related, and 21 were non-sewage related.

10. On September 25, 1980 the DER issued an order directing the Township of Solebury to revise its Official Sewage Facilities Plan to provide for sewage facilities services for the Highland Woods subdivision.

11. Prior to September 25, 1980 the DER was aware of the fact that the Board of Supervisors of Solebury Township had denied final subdivision approval to the intervenors for the Highland Woods Subdivision.

12. On September 29, 1980 the developers perfected a timely appeal from the decision of the Board of Supervisors of Solebury Township, rejecting their proposed final plan for Highland Woods, which appeal is presently pending before the Court of Common Pleas of Bucks County.

13. The 21 non-sewage related reasons for denying the final plan of Highland Woods were all "engineering" reasons.

14. The site in question is currently a farm with a farmhouse that is served by an on-lot system that is presently adequate to serve that farmhouse.

## DISCUSSION

The question that we are called upon to answer by this proceeding, simply stated, is whether DER may properly order an Act 537 plan amendment notwithstanding the fact that the final subdivision plan in question is in litigation. In Borough of Sayre v. DER, 1979 EHB Docket No. 78-063-W (issued January 21, 1979), we discussed a similar question. In that case it was a building permit that was in litigation, and DER ordered a revision to the Borough's Official Sewage Facilities Plan. We there said at p. 7:

"In May of 1978, the borough revoked the building permit and the legality of that action is now before the Bradford County Court. Appellant would bootstrap its way in this matter by arguing that we should sustain the appeal because intervenors have no permit and the proposed construction would violate local zoning laws. We are urged to disregard the court order, as appellant has done, and '. . . not simply to take the Court Order at face value.' We find this argument all the more incredible because appellant cites the Fox case[5] for the proposition that the department is not to second guess the validity of local decisions properly made in the areas of planning and zoning. Yet, that is exactly what it asks us to do with regard to the Bradford County Court. We will not. When and if the local court enters a new order on the action now before it, we would expect the DER to act consistantly [sic] with it.[6]"

"5. Community College of Delaware County v. Fox, 20 Pa. Commonwealth Ct. 335, 342 A. 2d 468 (1975).
"6. If the Bradford County Court upholds the building

permit revocation and denies the zoning change, the Act 537 amendment will be of no help to intervenor. If, on the other hand, the court upholds its prior order, we would expect all parties to act accordingly."

It was and is our view that local subdivision matters must be resolved by the county court and not this board. The real question has to do more with procedure than substance. It is a question of *when* and in what order the various legal issues should be addressed. A case perhaps even more to the point is Betz v. DER, EHB Docket No. 79-173-W (issued July 23, 1980). There, as in this case, the subdivision plan had been rejected by the township for a number of reasons, some of which were related to sewage disposal and others which were not. The subdivision issue was on appeal to the common pleas court as here. We decided in Betz that an appeal to this board is proper when some of the issues involved in the subdivision dispute, still in litigation, are sewage related problems.

In discussing this issue, we said at pp. 7, 8:

"[I]f the municipality's refusal to approve Appellant's subdivision plan is because of sewage disposal problems, then Appellant would be in the 'Catch 22' situation which Commonwealth Court deemed unconstitutional in Commonwealth of Pennsylvania, DER v. Trautner, 19 Pa. Commonwealth Court 116, 338 A. 2d 718 (1975). Thus, the first question addressed in this Adjudication is whether the Township's controlling reason for refusing to approve Appellant's subdivision plan was a sewage disposal problem.

"We believe the question raised does not lend itself to a categorical answer. In the first instance, it is the Township that is given the authority for land use planning, under the Municipalities Planning Code, 53 P.S. § 10101 et seq. Community College of

Delaware County v. Fox, 342 A. 2d 468 (1975). Thus, it is clear that generally DER could not reach the question of whether a particular sewage disposal method for a development is appropriate unless and until the local municipality has approved the basic land use or subdivision plan itself. The complicating factor in this case, is that one of the reasons the subdivision proposal was rejected was because of the sewage disposal method that was indicated. As to the other stated reasons, it was unclear whether these were considered as important as the sewage disposal issue. Under these circumstances, a request to DER pursuant to 25 Pa. Code 71.17 does seem appropriate for the purpose of resolving that issue."

In light of the foregoing, we are satisfied that the best procedure requires that we consider an appeal from a DER order concerning a private request under section 71.17 whenever there are sewage disposal issues outstanding. The fact that there are also other non-sewage disposal issues will not defeat our jurisdiction, and conversely our exercise of jurisdiction cannot defeat the jurisdiction of the common pleas court in regard to the subdivision issues being there litigated. We do believe, however, that the DER order in such cases, should be conditioned on a satisfactory resolution of the subdivision matters. Rather than a remand for that purpose, we will add this condition to our order.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and subject matter of this appeal.
2. When a municipality rejects a subdivision plan for reasons, some of which are sewage related under the Clean Streams Law of June 22, 1937, P.L.

1987, as amended, 35 P.S. §691.1 et seq., and this rejection serves as the basis to deny an Act 537 plan amendment, an aggrieved party may properly pursue the procedure set forth in Regulation 25 Pa. Code §71.17.

3. When DER orders a municipality to amend its Act 537 Plan pursuant to a private request, such order is subject to any limitations properly placed on the municipality by its subdivision ordinances and orders of the local Court of Common Pleas.

4. Under the facts of this case, DER properly ordered appellant Solebury Township to revise its Official Sewage Facilities Plan to provide sewage services for intervenors' development. That order is subject to any subsequent order of a court of proper jurisdiction which could alter this requirement, and should be so conditioned.

## ORDER

And now, April 30, 1981 the order of DER issued on September 25, 1980 is hereby amended to be conditional upon the issues raised in the Court of Common Pleas of Bucks County being adjudicated in intervenors' favor, and as so amended the order is sustained and the appeal of Solebury Township is hereby dismissed.